UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH NICHOLS, III,<br><br>   Petitioner,<br><br>  v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>   Respondent. | Case No. CV 19-6356 DSF(JC)<br><br>ORDER (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION; AND (2) DENYING A CERTIFICATE OF APPEALABILITY |

## I. SUMMARY

On July 23, 2019, petitioner Joseph Nichols, III, a California state prisoner proceeding *pro se*, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), with an attachment (alternatively, "Petition Att.") and exhibits (alternatively, "Petition Ex."). The attachment and exhibits include a habeas petition filed with the California Supreme Court ("State Petition") and a partial transcript of petitioner's July 18, 2018 hearing before the California Board of Parole Hearings ("Board"). See Petition Att.; Petition Ex. C.

Petitioner purports to challenge the Board's decision denying him parole, claiming that such decision violated his due process rights. See Petition at 14. For its grounds, the Petition incorporates by reference certain portions of the State

Petition. See Petition at 6, 8-9, 11.  Although petitioner has not incorporated all of the grounds he raised in the State Petition (*i.e.*, the Petition does not incorporate by reference Grounds Three, Five, Six and Seven of the State Petition), the Court has considered all of the grounds petitioner raised in the State Petition as if raised herein in reaching this decision.

      As will be discussed in greater detail below, petitioner alleges:  (1) the Board relied on a "fraudulent & unreliable" probation report and outdated psychological report in finding petitioner not suitable for parole (Grounds One, Three, Four and Six); (2) petitioner's counsel at the hearing was ineffective for "failing to investigate, strategize, object to the [Board's] use of the unreliable [probation officer's report] and comprehensive risk assessment report," and for reportedly having a conflict of interest with petitioner (Ground Two); and (3) the Board panel was biased or prejudiced against petitioner as evidenced by the Board's conduct and failure to apply "elderly parole" provisions to petitioner's case (Ground Four).  It appears that petitioner may also be attempting to raise claims not limited to the parole decision, by alleging that:  (1) the California Department of Corrections and Rehabilitation ("CDCR") has failed to follow applicable rules related to petitioner's request that the CDCR petition to recall his sentence under California Penal Code section 1170(d)(1) (Ground Five); and (2) the Board and the CDCR have failed to provide petitioner with copies of certain California regulations, and the CDCR has failed to provide petitioner with behavioral programming to help petitioner manage himself in prison (Ground Seven).  See Petition at 6, 8-9, 11; Petition Att. at 3-26.

      As it plainly appears from the face of the Petition (including the attachment and exhibits) that petitioner is not entitled to federal habeas relief as requested, the Petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 4").

## II. PROCEDURAL HISTORY[1]

On July 8, 1993, a Los Angeles County Superior Court jury convicted petitioner of kidnapping for robbery, second degree robbery, dissuading a witness by force or threat, and evading an officer. The jury also found true allegations that petitioner personally used a firearm in the commission of the foregoing crimes. Petitioner admitted having suffered prior felony convictions. The state court sentenced petitioner to life plus 18 years and eight months in state prison. See People v. Nichols, 29 Cal. App. 4th 1651, 1654 (1994) (detailing history).

On July 18, 2018, the Board held a parole hearing and denied petitioner parole. See Petition Ex. C (excerpts from the 201-page transcript of the hearing and decision provided by petitioner).[2] On February 25, 2019, petitioner filed the State Petition with the California Supreme Court raising the claims asserted herein, which that court denied on April 17, 2019. See Petition Att.; see also Docket in Nichols on H.C., Cal. Case No. S254261, available online at https://appellatecases.courtinfo.ca.gov/search.[3] As noted above, on July 23, 2019, petitioner filed the instant Petition challenging the 2018 parole denial.

///
///

---

[1]Although the Court's disposition of the Petition and this action are predicated only upon what plainly appears from the face of the Petition (including the attachment and exhibits), a broader procedural history is set forth for context.

[2]For context, the Court has obtained and reviewed, and the Clerk has docketed, a complete copy of the July 18, 2018 transcript of the hearing and decision from the Board ("July 18, 2018 Transcript"). (Docket No. 5).

[3]The Court takes judicial notice of the Court of Appeal's opinion in People v. Nichols, 29 Cal. App. 4th 1651 (1994), the docket in Nichols on H.C., Cal. Case No. S254261, and the documents on file in Nichols v. Arnold, C.D. Cal. Case No. 17-9271 DSF(JC) (petitioner's federal habeas case challenging Board's 2016 parole denial). See Fed R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

3

### III. DISCUSSION

#### A. Summary Dismissal of the Petition Is Appropriate

A district court may dismiss a habeas petition summarily "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4; Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998). Here, dismissal of the Petition and this action pursuant to Habeas Rule 4 is appropriate. See, e.g., Johnson v. Secretary of California Department of Corrections and Rehabilitation, 2018 WL 4846530, at *2-3 (C.D. Cal. Aug. 2, 2018) (summarily dismissing habeas claims challenging parole suitability determination where, as here, petitioner received all the process to which he was entitled, *i.e.*, he had an opportunity to be heard and the Board stated its reasons for denying parole; citing Swarthout v. Cooke, 562 U.S. 216, 222 (2011); collecting district court cases finding same), report and recommendation adopted, 2018 WL 4846921 (C.D. Cal. Oct. 2, 2018); Bird v. Board, 2016 WL 3456838, at *2 (D. Mont. May 16, 2016) (summarily dismissing habeas claim challenging parole suitability determination as foreclosed by Swarthout where petitioner received minimal procedural protection required; such was the "beginning and the end of federal habeas" analysis (quoting Swarthout, 562 U.S. at 220)), report and recommendation adopted, 2016 WL 3509452 (D. Mont. June 21, 2016).

#### B. Federal Habeas Relief Is Not Available for Petitioner's Claims

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) ("Greenholtz"). In some instances, however, state statutes may create liberty interests in parole release entitled to protection under the federal Due Process Clause. See Board of Pardons v. Allen, 482 U.S. 369, 371 (1987); Greenholtz, 442 U.S. at 12. The Ninth Circuit has held that California's statutory provisions

governing parole create such a liberty interest. See Roberts v. Hartley, 640 F.3d 1042, 1045 (9th Cir. 2011); Hayward v. Marshall, 603 F.3d 546, 555 (9th Cir. 2010) (en banc), overruled on other grounds by Swarthout v. Cooke, 562 U.S. 216 (2011).[4]

"In the context of parole, . . . the procedures required are minimal." Swarthout v. Cooke, 562 U.S. at 220. Due Process requires that the State furnish a parole applicant with an opportunity to be heard and a statement of reasons for a denial of parole. Greenholtz, 442 U.S. at 16; see also Swarthout v. Cooke, 562 U.S. at 220. "The Constitution does not require more." Greenholtz, 442 U.S. at 16; accord Swarthout v. Cooke, 562 U.S. at 220 (citation omitted); see also Roberts v. Hartley, 640 F.3d at 1046 ("there is no substantive due process right created by the California parole scheme"). In the parole context, then, "[d]ue process is satisfied as long as the state provides an inmate seeking parole with 'an opportunity to be heard and . . . a statement of the reasons why parole was denied.'" Roberts v. Hartley, 640 F.3d at 1046 (quoting Swarthout v. Cooke, 562 U.S. at 220). Petitioner does not contend, and the record does not show, that petitioner was denied these required procedural safeguards. Petitioner had a lengthy hearing during which petitioner and his counsel had ample opportunity to be heard, and the Board issued a written statement of its reasons for denying petitioner parole. See Petition Ex. C. Contrary to petitioner's general argument, petitioner plainly received all the process that was due during his 2018 parole hearing.

///

---

[4] In Swarthout v. Cook, the Supreme Court did not reach the question of whether California law creates a liberty interest in parole, but observed that the Ninth Circuit's affirmative answer to this question "is a reasonable application of our cases." Swarthout v. Cooke, 562 U.S. at 219-20 (citations omitted). The Ninth Circuit held that Swarthout v. Cooke "did not disturb our conclusion that California law creates a liberty interest in parole." Roberts v. Hartley, 640 F.3d at 1045 (citation omitted).

The California Supreme Court has held, as a matter of state law, that "some evidence" must exist to support a parole denial. See In re Lawrence, 44 Cal. 4th 1181, 1212 (2008). In Swarthout v. Cooke, however, the United States Supreme Court rejected the contention that the federal Due Process Clause contains a guarantee of evidentiary sufficiency with respect to a parole determination. Swarthout v. Cooke, 562 U.S. at 220-22 ("No opinion of ours supports converting California's 'some evidence' rule into a substantive federal requirement."); see also Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 717 (9th Cir. 2011) (issue is not whether Board's parole denial was "substantively reasonable," or whether the Board correctly applied state parole standards, but simply was "whether the state provided Miller with the minimum procedural due process outlined in [Swarthout v.] Cooke"). Accordingly, Swarthout v. Cooke bars any challenge to the sufficiency of the evidence to support the Board's decision. See id. at 222 ("The Ninth Circuit's questionable finding that there was no evidence in the record supporting parole denial is irrelevant unless there is a federal right at stake. . . . [T]he responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California Courts, and is no part of the Ninth Circuit's business.") (emphasis original; internal citation omitted); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v. Cooke] makes clear that we cannot consider whether 'some evidence' of dangerousness supported a denial of parole on a petition filed under 28 U.S.C. § 2254."); see also Madrid v. Mendoza-Powers, 424 Fed. Appx. 671, 672 (9th Cir. 2011) (Swarthout v. Cooke foreclosed claim that Board could not continue to deny petitioner parole based on allegedly immutable factors of his commitment offense, previous record of violence, and social history).

With these basic principles in mind, the Court turns to petitioner's claims.

///

1. **Petitioner's Claims Challenging the Basis on Which the Board Denied Him Parole Are Not Cognizable**

Most of petitioner's claims implicate only the reliability and sufficiency of the evidence to support the Board's decision. Regardless of whether the Board erred in its characterizations, emphases or factual findings (including credibility findings), federal habeas relief is unavailable. See Swarthout v. Cooke, 562 U.S. at 220-22.

Petitioner alleges that the Board relied on "fraudulent & unreliable" information in a probation officer's report, over petitioner's objections, to find him not suitable for parole. See Petition Att. at 3-6, 10-12, 15, 17-18, 20-22; see also Petition Ex. A (including copy of probation officer's report); Nichols v. Arnold, 2018 WL 1684311, at *4 (C.D. Cal. Apr. 4, 2018) (rejecting similar challenge to the 2016 parole decision). The probation officer's report included information about a second victim where petitioner purportedly had been acquitted of the charge(s) relating to that victim, and also reported a history of purported arrests that did not result in convictions. See Petition Att. at 4, 17-18; Petition Ex. A (probation officer's report at 2-3, 6). In summarizing petitioner's commitment offenses at the outset of the hearing, the Board noted only one victim. See Petition Ex. C at 10. Later, petitioner was asked about the second purported victim and was permitted to explain that he was acquitted of the charge involving that victim, and to take issue with the fact that the purported second victim was still included in the probation officer's report which had been used at sentencing and relied on in all of his parole hearings. See Petition Ex. C at 72-78. The Board noted that it relied on the abstract of judgment (which apparently reflected two victims) and the probation officer's report, and advised that any issue petitioner may have with the contents of these documents must be "taken up with the courts." See Petition Ex. C at 78-79. In the end, however, the Board pointed out that petitioner had

///

received four "115s"[5] since the last hearing in 2016, and that had "to stop." See Petition Ex. C at 197 (Decision page 7); see also Petition Ex. C at 96-104, 115-119 (discussing petitioner's recent 115s). Petitioner had received a total of forty-one (41) 115s and twenty-seven (27) "128-As"[6] during his incarceration. See Petition Ex. C at 105; see also July 18, 2018 Transcript at 95, 105 (further discussion).

Petitioner also alleges that the Board relied on an outdated psychologists's 2015 Comprehensive Risk Assessment that was based in part on the erroneous probation officer's report. See Petition Att. at 3-6, 13, 15, 21-22; Petition Ex. B (assessment); see also Nichols v. Arnold, 2018 WL 1684311, at *4-*5 (rejecting similar challenge to the 2016 parole decision). The Board noted that petitioner normally would have a new assessment for review, but because his hearing date had been advanced to within three years of the prior report, a new report was not done. See Petition Ex. C at 20-21. Petitioner acknowledged that he had been advised of that procedure. See Petition Ex. C at 21. The Board then went through the psychologist's assessment with petitioner, giving petitioner a chance to explain or dispute any information contained in the assessment and a chance to talk about his insight into his crimes. See Petition Ex. C at 79-80; see also July 18, 2018 Transcript at 20-69, 79-82, 141, 152-62, 185-87 (full discussion). The Board based its decision in part on the 2015 Comprehensive Risk Assessment in finding that petitioner represented a "high risk of re-offense in the community," based on lack of insight and 115s which did not include those petitioner had received since 2015. See Petition Ex. C at 195 (Decision page 7). The Board placed significant weight

---

[5] A "115" refers to California Department of Corrections Form 115, Rules Violation Report. The form is used "[w]hen misconduct is believed to be a violation of law or is not minor in nature." Cal. Code Regs., tit. 15, § 3312(a)(3).

[6] A "128-A" refers to the California Department of Corrections Form 128-A, Custodial Counseling Chrono. The form is used "[w]hen similar minor misconduct recurs after verbal counseling or if documentation of minor misconduct is needed." Cal. Code Regs., tit. 15, § 3312(a)(2).

8

on petitioner's four 115s since his last hearing in finding petitioner not suitable for parole. See Petition Ex. C at 195 (Decision page 7); see also July 18, 2018 Transcript at 195-96 (Decision pages 7-8 (continued discussion re the 115s)).

Nothing in this record suggests that petitioner was denied the process he was due.

### 2. Petitioner's Claim That His Counsel Provided Ineffective Assistance at the Hearing Plainly Lacks Merit

Petitioner alleges that his counsel for the hearing was ineffective in failing to advise the Board that petitioner had requested other counsel, failing to meet with petitioner before the hearing to discuss strategy, failing to request postponement of the hearing for petitioner to obtain other counsel, failing to object to the use of the probation officer's report and the 2015 Comprehensive Risk Assessment in determining petitioner's suitability for parole, and in advising petitioner to answer questions about his crimes. See Petition Att. at 5-10, 13-15.
At the outset of the hearing, petitioner told the Board that he did not want his counsel to represent him at the hearing, that he "needed another attorney that [he] could get along with," and that his counsel had not discussed any strategies with petitioner which concerned addressing his 115 violations as retaliatory. See Petition Ex. C at 3-8.

The Board advised that the only other way to get another attorney was to hire one because the State would not "swap out" attorneys until petitioner got one he liked, and gave petitioner the option of going forward with current counsel, representing himself, or waiving his hearing. See Petition Ex. C at 3-5. Petitioner chose to go forward with counsel. See Petition Ex. C at 8-9. Counsel noted that she believed she could represent petitioner adequately despite petitioner's complaints. See July 18, 2018 Transcript at 17 (discussion).

Petitioner can show no constitutional violation. There is no constitutional right to counsel at parole consideration hearings. See Dorado v. Kerr, 454 F.2d

892, 896-97 (9th Cir.), cert. denied, 409 U.S. 934 (1972); see also Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); Villagrana v. Diaz, 2012 WL 4210308, at *4 (E.D. Cal. Sept. 19, 2012) ("there is no clearly established right to counsel at parole suitability hearings"), certificate of appealability denied, No. 12-17220 (9th Cir. Oct. 28, 2016). Because petitioner had no federal constitutional right to counsel at his parole hearing, he can claim no Sixth Amendment right to effective assistance of counsel at the hearing. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) (petitioner cannot claim constitutionally ineffective assistance of counsel where there is no underlying constitutional right to counsel); but see Lopez v. Warden, 388 Fed. Appx. 711, 712 n.1 (9th Cir. 2010) (certifying for appeal petitioner's claim that he received ineffective assistance of counsel at parole hearing, but rejecting claim because record did not indicate that counsel's performance was deficient and petitioner could not establish prejudice).

Even assuming petitioner had a federal constitutional right to the effective assistance of counsel at his parole hearing, his instant claim would fail because it lacks merit. The record does not suggest that counsel's performance was deficient, and petitioner has not established prejudice from counsel's performance. Petitioner argues that counsel was deficient for failing to investigate and adequately prepare for the hearing by conferring with petitioner, for failing to object to the use of the probation officer's report and the Comprehensive Risk Evaluation and to request correction of the probation officer's report, and for advising petitioner to speak about his criminal case. See Petition Att. at 6-8, 10. Petitioner alleges that his meetings with counsel did not go well and gave rise to a "conflict of interest" for which he asked counsel to have another attorney appointed to represent him. See Petition Att. at 6.

Petitioner has not suggested what more counsel may have prepared or presented to demonstrate a reasonable probability of a different parole decision.

See Strickland v. Washington, 466 U.S. 668, 688, 693-94 (1984). For instance, nothing counsel could have done would have precluded the Board from considering and relying on the four 115s petitioner had received since his last parole hearing, which weighed heavily in the Board's analysis and which counsel challenged with inmate declarations about the nature of those reports. See Petition Ex. C at 123-25.

In short, petitioner's ineffective assistance of counsel claim plainly lacks merit.

### 3. Any Argument That the Board Was Biased Plainly Lacks Merit

Petitioner argues that he was denied a fair and impartial Board panel for the hearing because the panel did not include at least one member who had participated on a previous panel considering petitioner's parole eligibility, which petitioner concludes showed bias and prejudice. See Petition Att. at 3-4, 14-15. As evidence of the panel's alleged bias/prejudice, petitioner suggests that he had a "heroic chrono" and inmate declarations which meant nothing to the panel. See Petition Att. at 3, 5. Petitioner also points to the denial of parole for five years as assertedly improper and evidence of the panel's alleged bias. See Petition Att. at 4-5.

At the outset of the hearing, the Board inquired of petitioner whether he had any difficulty with the sitting panel. See Petition Att. at 3 (discussing same); see also July 18, 2018 Transcript at 15 (discussion). Petitioner said he did not know because he had read something suggesting that the panel should include one person that served on a previous panel. See Petition Att. at 3; July 18, 2018 Transcript at 16. Petitioner was informed that the practice "was a long, long time ago," but it is "just not practical anymore" because of the number of hearings. See Petition Att. at 3; see also July 18, 2018 Transcript at 16-17. Petitioner noted that he had no reason to think that any of his panel members had any personal experience that would sway their opinion. See July 18, 2018 Transcript at 17.

The Board permitted petitioner to discuss his jail programming since his last

11

hearing including a laudatory "chrono." See Petition Ex. C at 111-13; see also July 18, 2018 Transcript at 88, 92, 111-13 (full discussion). The Board, however, observed that petitioner's behavior in prison "has not been good," and that petitioner's forty-one 115s "overshadow" the laudatory chrono. See Petition Ex. C at 113-14. After some discussion about petitioner's most recent 115s (see Petition Ex. C at 115-19), petitioner's counsel objected to the panel for bias, asserting that Deputy Commissioner Jallins was predisposed to not believe or accept relevant and reliable information from other inmates concerning petitioner's 115s. See Petition Ex. C at 119, 121-23, 127-34. The presiding commissioner noted that bias under the regulations means the panel members know someone involved with the case or have a particular agenda to give rise to an identifiable bias, and in petitioner's case the panel simply was discussing the weight to be given to the evidence before them – something the panel was required to do – and overruled the objection. See Petition Ex. C at 119-20, 125, 134. The Board noted it would go over the evidence from other inmates concerning petitioner's recent 115s as part of its deliberations and determine the weight the evidence would be given. See Petition Ex. C at 124-28, 135-36.

While a prisoner is entitled to have his parole application considered by a "neutral and detached hearing body" that is "free from bias or prejudice," O'Bremski v. Maass, 915 F.2d 418, 422 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991), administrative adjudicators are presumed to act with honesty and integrity. See Hortonville Joint School Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 496-97 (1976); Withrow v. Larkin, 421 U.S. 35, 47 (1975). To overcome this presumption, a petitioner alleging bias "must show that the adjudicator has prejudged or reasonably appears to have prejudged, an issue." Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995) (citation and internal quotations omitted). A petitioner may make this showing in two ways. First, "the proceedings and surrounding circumstances may demonstrate actual bias on the

part of the adjudicator." Id. (emphasis and citations omitted). Second, a petitioner may show that "the adjudicator's pecuniary or personal interest in the outcome of the proceedings . . . create[d] an appearance of partiality that violates due process. . . ." Id. (emphasis and citations omitted).

Petitioner has made neither showing. As detailed herein, the record demonstrates that the Board reviewed the evidence, listened to the presentations of petitioner and his counsel, and rendered an individualized determination of petitioner's unsuitability for parole.[7]

### 4. Petitioner's Claim That the Board Failed to Consider Petitioner for Elderly Parole Is Not Cognizable

Petitioner alleges that further evidence of the Board's bias comes from the Board's alleged failure to consider petitioner's eligibility for "elderly parole." See Petition Att. at 13-15, 17, 21. Contrary to petitioner's claim, the Board noted that petitioner was eligible for "elder" parole consideration and that Dr. Athans had opined in 2015 that petitioner's length of confinement, age, and physical condition did not decrease petitioner's potential for violence on parole given his recent misconduct in prison. See Petition Ex. C at 10, 159; see also July 18, 2018 Transcript at 10, 159-60 (full discussion). The Board asked petitioner if he had any particular physical disabilities which might weigh in on its consideration, and petitioner noted only that his back was "messed up" and his eyesight and hearing

///

---

[7] The fact that the Board denied petitioner a parole hearing for five years is not evidence of actual bias. To the extent petitioner may be attempting to raise a separate due process claim based on the Board's five year denial (see Petition Att. at 4-5), such a claim is not cognizable. See Borstad v. Hartley, 668 Fed. Appx. 696, 697 (9th Cir. 2016) (challenge to Board's ruling re timing of next parole hearing does not go to "validity of confinement or. . . the particulars affecting its duration," and therefore district court lacked jurisdiction to consider challenge) (citation omitted).

were "going bad." See July 18, 2018 Transcript at 160 (discussion). The Board ultimately found no reason to grant petitioner parole.

Even if petitioner qualified for elderly parole as he alleges, the Board considered and rejected petitioner's claim that he should be released on elderly parole. Success on petitioner's claim that he is elderly parole qualified would not necessarily lead to an immediate or earlier release from confinement. See Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (under California law, the parole board must consider all relevant reliable information in determining suitability for parole and has the authority to deny parole on the basis of any grounds presently available to it), cert. denied, 137 S. Ct. 645 (2017). Petitioner's claim is not cognizable. See, e.g., Fegan v. Arnold, 2017 WL 2671019, at *1 (E.D. Cal. June 21, 2017) (finding petitioner's request for consideration of eligibility under elderly parole program was not cognizable federal habeas claim).

### 5. Petitioner's Claims Concerning the CDCR's Handling of His Grievance Regarding His Sentence and the Alleged Failure to Provide Petitioner with Copies of California Regulations and Behavioral Programming Are Not Cognizable

Petitioner alleges that the CDCR has failed to follow applicable rules related to petitioner's request to have the CDCR request to recall petitioner's sentence under California Penal Code section 1170(d)(1), based on the allegedly unreliable probation officer's report relied on in sentencing petitioner,[8] and that the Board and the CDCR have failed to provide petitioner with copies of certain unspecified

---

[8] Petitioner also alleges that the Board had a duty to request a recall of petitioner's sentence under Section 1170(d)(1) as relying on the unreliable probation officer's report. See Petition Att. at 3, 5, 10. As the Board advised (see Petition Ex. C at 78-79), petitioner must raise any issue he has with his sentence with the courts. To the extent petitioner may be requesting that this Court review his allegedly illegal sentence (see Petition Att. at 5, 11-12), he may not do so without prior authorization from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).

14

California regulations and failed to provide behavioral programming to help petitioner control himself in prison. See Petition Att. at 3, 16, 23-26; Petition Ex. A (including copy of September, 2018 CDCR Inmate/Parolee Appeal Form 602 asking the CDCR to request that the sentencing court recall petitioner's allegedly illegal sentence under Cal. Penal Code § 1170).

These claims, at most, allege that the CDCR and Board have violated state law in addressing petitioner's issues with his sentence and in managing how petitioner's sentence is being carried out. Such claims are not cognizable under Section 2254. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Bonin v. Calderon, 59 F.3d 815, 841 (9th Cir. 1995) (violation of "state law right does not warrant habeas corpus relief"), cert. denied, 516 U.S. 1051 (1996). Petitioner may not transform these state law issues into federal claims by merely asserting a violation of due process. See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996), cert. denied, 522 U.S. 881 (1997).

## IV. CONCLUSION AND ORDERS

In light of the foregoing, the Petition must be dismissed summarily pursuant to Habeas Rule 4 because it "plainly appears" that none of petitioner's claims warrant relief, nor could they do so with amendment.

IT IS HEREBY ORDERED: (1) the Petition and this action are dismissed; and (2) the Clerk shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has failed to make a substantial showing of a denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determinations herein.

DATED: August 26, 2019

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE